UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ADRIANA PINEDA AGUILA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NON-DEFENDANT,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:25-cv-00559-JAH-DEB<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

## INTRODUCTION

Plaintiff Rosa Adriana Pineda Aguila (hereinafter, "Plaintiff"), proceeding as a non-prisoner *pro se* party, filed a civil Complaint on March 10, 2025, against "Non-Defendant." ECF No. 1 ("Complaint" or "Compl."). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*, along with an attached Affidavit in Support of the Application. ECF No. 2 ("Affidavit").

## DISCUSSION

**I.  Plaintiff's IFP Motion**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$455.[1]  *See* 28 U.S.C. § 1914(a).  However, pursuant to 28 U.S.C. Section 1915(a), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  For a court to grant leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all their assets, showing his inability to pay the statutory fee.  *See* 28 U.S.C. § 1915(a).  The plaintiff need not be penniless to proceed IFP, rather the affidavit need only state the plaintiff cannot, "because of his poverty[,] pay or give security for costs … and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The determination of indigency is solely within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff left every box pertaining to Plaintiff's income and expenses blank on the financial affidavit.  *See* Affidavit at 1-5.  Therefore, Plaintiff has failed to demonstrate an inability to pay.  Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DENIED** without prejudice.

## II.     *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

Pursuant to 28 U.S.C. § 1915(a), a plaintiff who seeks leave to proceed IFP subjects their Complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 538 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), the "court shall dismiss the case at any time if the court determines that… (B)

---

[1]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

the action or appeal… (ii) fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) "not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim"). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Moreover, when—as here—the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or [] insufficient facts under a cognizable legal claim". *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Although Rule 12(b)(6) does not require detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If the court finds a complaint fails to state a claim, the court should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Here, Plaintiff fails to identify a defendant in his Pro Se Form Complaint. *See* Compl. at 1-2. Furthermore, Plaintiff fails to identify any legally recognized causes of action. Plaintiff fills out three "claims for relief" on the complaint form, which read: (1) "I would like to claim to court a background check in all parts of the United States"; (2) "Debarred Removol [sic]"; and (3) "System." None of these are cognizable claims. Accordingly, IT IS HEREBY ORDERED this case is **DISMISSED** without prejudice.

///

///

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(e), is **DENIED** without prejudice.  ECF No. 2.

2. Plaintiff's case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Court **GRANTS** Plaintiff till July 18, 2025, to file an Amended Complaint which cures the deficiencies of the pleading described herein.  Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ.L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled").  A failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

**IT IS SO ORDERED.**

DATED: June 10, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE